IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                        Case No. 21-10101-JWB

ROBERT A. TAYLOR,

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to vacate his sentence through 28 U.S.C. § 2255 (Doc. 67); Defendant's motion for "status report" (Doc. 68); and the government's motion to dismiss Defendant's 28 U.S.C. § 2255 motion as untimely (Doc. 70). The motions are briefed and ripe for decision. (Doc. 71.) For the reasons stated herein, the government's motion to dismiss Defendant's 28 U.S.C. § 2255 motion (Doc. 70) is GRANTED. Defendant's remaining motions (Docs. 67, 68) are therefore DISMISSED.

**I.    Facts**

On December 21, 2021, Robert Taylor ("Defendant") was indicted on one count of receipt of child pornography. (Doc. 1.) On September 19, 2022, Defendant pled guilty as part of a plea agreement. The following facts were admitted as part of his plea agreement:

Sometime prior to September of 2020, Robert Taylor established an online relationship with a 15 year old female minor in Indiana. Taylor knew of minor's age and location during this time, as Taylor's contact with minor was discovered by the minor's mother on September 7, 2020 when she confronted Taylor via the minor's text messaging. Despite this interception, Taylor shipped, or caused to be shipped, an Apple Iphone smartphone to the minor to continue the relationship. Taylor engaged the minor in phone sex via Snapchat via the internet, during which the minor in Indiana sent depictions to Taylor in Kansas. Specifically, on November 7, 2020, Taylor used the Screen Record function on his Google Pixel smartphone to record several depictions of the minor, including a recording of the minor

1

exposing her genitals and another of the minor engaged in masturbation. The defendant admits to knowingly receiving the Snapchat messages, which included the depictions of the minor engaged in sexually explicit conduct, which had been transmitted in interstate commerce via the internet and recording the depictions via his Google Pixel smartphone.

(Doc. 28 at 2.)  However, on December 15, 2022, Defendant filed a pro se motion to withdraw his guilty plea.  (Doc. 34.)  The next day, then counsel, David Freund, filed a motion to withdraw. (Doc. 33.)  A hearing was held on January 5, 2023, and the court granted counsel's motion to withdraw and appointed Sylvia Penner as counsel pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A.  (Docs. 36, 37, 38.)  On March 8, Ms. Penner informed the court by email that Defendant wished to withdraw his pro se motion to withdraw his guilty plea.  At sentencing on March 23, Defendant confirmed his wishes to withdraw his pro se motion under oath, and the court granted that request.  (Doc. 57 at 3–4.)  Defendant was sentenced to 195 months in federal prison.  (Doc. 49.)  Defendant's plea agreement contained an appeal waiver, but he still appealed. (Doc. 56.)  On appeal, the government filed a motion to enforce, which the Tenth Circuit granted, thereby dismissing the appeal on June 14.  (Doc. 60.)  On March 11, 2024, this court granted the government's motion for forfeiture of Defendant's property.  (Doc. 62.)  Defendant appealed that order pro se and it was dismissed by the Tenth Circuit for lack of prosecution.   (Docs. 63, 66.)

On April 20, 2026, Defendant's motion to vacate his sentence through § 2255 was filed with the court.  (Doc. 67.)  In his motion, Defendant moves for vacatur of his conviction and sentence on eight grounds.  The first seven allege ineffective assistance of counsel at trial aimed at both Mr. Freund and Ms. Penner.  (*Id*. at 6–9.)  The eighth ground alleges that the court erred in imposing a 15-month perjury enhancement at sentencing.  (*Id*. at 9.)  Defendant's motion states under penalty of perjury that he placed his motion "in the hands of prison officials to be deposited in the prison' internal mail system for mailing via U.S.P.S. on December 1, 2023."  (*Id.* at 10.)

2

The envelope does not bear a date stamp.  The court ultimately finds Defendant's § 2255 motion untimely and therefore declines to set a hearing or grant his requested relief.

## II.    Analysis

The government moves to dismiss Defendant's motion as untimely.  (Doc. 70.)  Section 2255 provides a one-year statute of limitation.  The limitation period runs from the latest of "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f).[1]  If a defendant appeals, his conviction is considered final "when the time expires for filing a petition for certiorari."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  Here, the Tenth Circuit affirmed Defendant's conviction on May 23, 2023.  (Doc. 60.)  Defendant then had 90 days to petition for writ of certiorari.  28 U.S.C. § 2101(c).  He did not.  Therefore, Defendant's conviction was considered final under § 2255(f) on August 21, 2023.  *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) ("In the context of the one-year limitation period for filing a § 2255 motion, a criminal conviction becomes final when . . . the time for filing a certiorari petition expires.").

Defendant's § 2255 petition was filed and docketed by the clerk of the district court in Wichita on the day it was received[2]: April 20, 2026—nearly three years after his conviction was final.  (Doc. 67.)  As such, the date of filing for Defendant's § 2255 petition is outside of the statute of limitations.  However, Defendant argues that under the prison mailbox rule, it ought to be considered timely because he deposited it into the prison's mail system on either December 1 or 2, 2023.  (*Compare* Docs. 67, 71 (alleging he sent the petition on December 1) *with* Doc. 70 (alleging he sent the petition on December 2).

---

[1] Only § 2255(f)(1) is applicable here.
[2] The envelope containing Defendant's § 2255 petition was stamped "Received" on April 20, 2026.  (*See* Doc. 67-1.) Which is coincidentally the same day that Defendant filed his motion for "status report" asking why he "has not received any return correspondence from either this Court or the United States relating to the 2255 motion," which, near his signature line, appears to be dated by Defendant on April 9, 2026.  (Doc. 68.)

Under the prison mailbox rule, a pro se[3] prisoner's § 2255 petition is considered timely filed if it is given to prison officials for mailing prior to the filing deadline, regardless of when the court receives the petition. *United States v. Gray*, 182 F.3d 762, 764, 765 n.4 (10th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 276 (1988)). But courts strictly construe the requirements of the rule. *Akinmade v. Holder*, 573 F. App'x 817, 819 (10th Cir. 2014) ("In order to benefit from the so-called 'prisoner mailbox rule,' we have required strict compliance with its provisions.'" (quoting *Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005))). Pro se prisoners must establish compliance with the rule which can be done in either of two ways. *Price*, 420 F.3d at 1166. First, Defendant can "alleg[e] and prov[e] that he . . . made timely use of the prison's legal mail system" so long as "a satisfactory system is available." *Id*. Second, "if a legal system is not available," then Defendant may "submit a declaration in compliance with 28 U.S.C. § 1746 or notarized statement setting forth the [motion's] date of deposit with prison officials and attest that first-class postage was pre-paid." *Id*. (quoting *United States v. Ceballos–Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) (internal quotation marks omitted)). Defendant fails to demonstrate compliance with either option.

With the first, Defendant must "document his use of the legal mail system," because "[i]f a legal mail system were available, [he] would be required to use it." *Id*. Defendant's motion declares that his § 2255 motion was deposited in the "prison's internal mail system." (Docs. 68 at 1; 71 at 2.) That is insufficient to show that a legal mail system was available and that Defendant used it. *Price*, 420 F.3d at 1166 (prisoner's use of "'the institutional mails' is insufficient to connote use of the 'legal mail system.'"); *United States v. Amador*, No. 16-CR-10016-01-EFM,

---

[3] Defendant's pleadings are construed liberally, but the court cannot assume the role of an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Further, despite his pro se status, he must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

4

2021 WL 2981721, at *2 (D. Kan. July 15, 2021) (prison mailbox rule inapplicable where the prisoner alleged that "his motion 'was placed in the prison mailing system'"); *United States v. Bravo*, No. 12-20019-02-CM, 2014 WL 2602285, at *3 (D. Kan. June 11, 2014) (prison mailbox rule inapplicable where the prisoner alleged that his motion was placed in the "prison mail box"). Defendant has not demonstrated he complied with the prison mailbox rule under the first option.

Defendant has not complied with the second option either. First, Defendant does not swear under penalty of perjury that a legal mail system was unavailable. And because a prisoner may use the second option only "if a legal system is not available," Defendant has not made allegations sufficient to carry his burden. *Id.* (prison mailbox rule inapplicable where the prisoner fails to establish that the jail did not have a legal mail system); *United States v. Rodriguez*, 422 F. App'x 668, 670 (10th Cir. 2011) (prison mailbox rule inapplicable where the prisoner did not "demonstrate[ ] . . . that he did not have access to a legal mail system"). Second, this option is unavailable because while Defendant did state under penalty of perjury that he sent his motion in December of 2023, using first class prepaid postage, extrinsic factors suggest that is not true. The clerk's office did not receive the motion until April 20, 2026—nearly three years after Defendant claims he placed the motion in the mail. As Defendant is currently incarcerated in Salters, South Carolina, it is unlikely a letter placed in the mail with first class postage prepaid would take almost three years to reach the clerk in Kansas. And the court is skeptical of the timing of Defendant's "status report" motion (Doc. 68)—which was dated April 9, 2026, a mere 11 days prior to the clerk in Kansas receiving it—arriving on the same day as his allegedly three-year-old § 2255 motion (Doc. 67-1). Third, even if no legal mail system was available, Defendant did not comply with 28 U.S.C. § 1746 because he failed to sufficiently set forth the date his motion was deposited with the

5

prison officials. As discussed above, Defendant provides two different dates on which he allegedly deposited his letter. (*Compare* Docs. 67, 71 *with* Doc. 70.)

Even if Defendant could cure the plethora of technical defects, the mere gap in time between the date his § 2255 motion was purportedly handed over to prison officials and the date it was received is implausible: approximately 871 days. Courts have consistently not treated documents as filed on the purported date it was handed to prison officials when so great a gap exists. *See*, *e.g.*, *Yepa v. United States*, No. 12-CR-0163 WJ-KBM, 2021 WL 3077554, at *4 (D.N.M. July 21, 2021) (approximately 578 days); *Womack v. Baughman*, 2020 WL 898229, at *4, n. 5 (E.D. Cal. Feb. 25, 2020) (approximately 52 days); *Chavis v. McCulloch*, 2020 WL 5051571, at *2 (N.D.N.Y. Aug. 27, 2020) (approximately 28 days). In conclusion, Defendant fails to satisfy his burden that he complied with either method under the prison mailbox rule. His motion is therefore dismissed as untimely.

Finally, Rule 11 of the Rules Governing § 2255 proceedings requires the court to grant or deny a certificate of appealability ("COA") when making an adverse ruling. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). For the reasons stated above, Defendant has not made a substantial showing of the denial of a constitutional right. Therefore, the court denies a COA.

## III.    Conclusion

THEREFORE, the government's motion to dismiss Defendant's 28 U.S.C. § 2255 motion (Doc. 70) is GRANTED. Defendant's remaining motions (Docs. 67, 68) are DISMISSED.

IT IS SO ORDERED.  Dated this 22nd day of July, 2026.

_s/ John W. Broomes_____
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE